IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RODNEY HEWLETT, | ) |
| | ) |
| v. | ) CR 93-B-137-NE |
| | ) CV 06-B-8018-NE |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF OPINION

On March 8, 2004 Rodney Hewlett filed a pleading entitled "Petition for Habeas Corpus 'Ad Subjiciendum' Known as the Great Writ." The petition is CONSTRUED as a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." In the pleading, Hewlett states:

> This is not a § 2255 motion, and is not governed by any statutes or rules, this writ is governed by the Constitution of the United States. .... The Constitution of the United States provides that "the privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

Hewlett alleges that

> the District Court was without proper jurisdiction to sentence petitioner[] on counts three and five due to the facts that the Indictment charged petitioner[] with violating 18 U.S.C. § 924(c)(2)....Petitioner was never charged with 18 U.S.C. § 924(c)(1). Therefore, the District Court erred in sentencing petitioner under the penalty phase of 18 U.S.C. § 924(c)(1) and in doing such, removed the court of its jurisdiction.

I. This motion is untimely

The Great Writ was codified by 28 U.S.C. § § 2241, 2254, and 2255. 28 U.S.C. § 2255 is expressly applicable in those cases wherein a prisoner under a federal sentence claims that "the court

was without jurisdiction to impose such sentence." A federal conviction or sentence is generally collaterally attacked by filing a motion under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). "Under the savings clause of Section 2255, a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention." *Id.*

The fact that § 2255 includes a one year period of limitation in which to file such a motion does not render the remedy inadequate or ineffective. The Eleventh Circuit has held "that the one year limitations periods do not *per se* constitute a suspension of the writ." *Johnson v. United States,* 340 F.3d 1219, 1228, n. 8 (11th Cir. 2003), citing *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002), and *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213 (11th Cir. 2000).

The statute of limitations runs from the resentencing date rather than the original judgment date. *Maharaj v. Secretary for the Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002). The judgment, however, becomes final on the date that the United States Supreme Court denies certiorari or, if there was no petition for certiorari filed, on the date on which the defendant's time for filing such a petition expires. *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir.), *cert. denied*, 537 U.S. 875 (2002). On February 24, 1997, the United States Supreme Court denied the petition for writ of certiorari. Hewlett therefore had until February 25, 1998 in which to timely file a § 2255 motion. On March 9, 1998 Hewlett was granted an extension of time until April 1, 1998, in which to file his § 2255 motion. (Doc. # 104). He did not file a § 2255 motion until March 8, 2004 when he filed this motion.

The § 2255 motion is therefore barred by the one year limitation period in 28 U.S.C. § 2255.

II. The motion is without merit.

   The indictment reads in pertinent part:

   COUNT THREE: (18 USC § 924(c)(2))

   The Grand Jury charges:

   That on or about the 4th day of April, 1993, in the Northern District of Alabama, the defendants,

   NORMAN J. MOORE, also known as TEARDROP,
   RODNEY HEWLETT

   during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, taking of a motor vehicle from the person or presence of another by force, violence and intimidation, while possessing a firearm, as charged in Count TWO of this indictment, did knowingly use and carry a firearm, that is a .22 caliber pistol, in violation of Title 18, United States Code, Section 924(c).

   . . . .

   COUNT FIVE: (18 USC § 924(c)(2))

   The Grand Jury charges:

   That on or about the 5th day of April, 1993, in the Northern District of Alabama, the defendants,

   NORMAN J. MOORE, also known as TEARDROP,
   RODNEY HEWLETT, and
   CARLOS TILLER

   and another person known to the grand jury but not named herein, during an in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, taking of a motor vehicle from the person or presence of another by force, violence and intimidation, while possessing a firearm, as charged in Court Four of this indictment, did knowingly use and carry a firearm, that is a .22 caliber pistol, in violation of Title 18, United States Code, Section 924(c).

While the headings for Counts Three and Five refer to 18 U.S.C. § 924(c)(2), it is clear from the text of those counts of the indictment that Hewlett was charged with conduct under 18 U.S.C. § 924(c)(1) which provides in pertinent part:

> Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, ....

The text of Counts Three and Five clearly placed Hewlett on notice that he was charged with carjacking while in possession of a firearm. Further, the text of the indictment refers only to § 924(c).

18 U.S.C. § 924(c)(2) provides:

> For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq)., or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

This provision is a definition provision and is clearly inapplicable here because Hewlett was not charged with conduct that would constitute a drug trafficking crime.

The fact that the headings of the charges incorrectly referred to § 924(c)(2) did not deprive the court of jurisdiction to sentence Hewlett based on the conduct clearly charged within the indictment and defended by Hewlett. See *United States v. Roberts*, 308 F.3d 1147, 1156 (11th Cir. 2002)(typographical error in indictment was not a fatal variance where "(1) the defendant is properly

notified of the charges so he may present a defense; and (2) the defendant is protected against the possibility of another prosecution for the same offense"), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119, 71 U.S.L.W. 3735 (2003).

For the reasons expressed above, the § 2255 motion is due to be DENIED as untimely and, alternatively, without merit. A separate order consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is **ORDERED** this the 10th day of May, 2006.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE